UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO VALLIN BRIDGES,

Petitioner,

v.

MATT MACAULEY,[1]

Respondent.

Case No. 24-12449
Honorable Shalina D. Kumar
Magistrate Elizabeth A. Stafford

---

**OPINION AND ORDER AMENDING THE CASE CAPTION,
DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPLEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERS ON APPEAL**

---

## I.    Introduction

Michigan prisoner Antonio Vallin Bridges ("Bridges") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Bridges is currently serving concurrent sentences of 1 year 1 month to 10 years in prison for his Isabella County plea-based convictions on two counts of

---

[1] Bridges was confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan when he initiated this action. He is now confined at the Bellamy Creek Correctional Facility in Ionia, Michigan where Matt Macauley is the warden. Accordingly, the Court amends the case caption to reflect that the proper respondent is Matt Macauley. *See* 28 U.S.C. § 2243; Rule 2(a) of the Rules Governing § 2254 Cases (providing that the correct respondent in a habeas case is the person who has custody of the petitioner).

malicious destruction of property (imposed in 2023), as well as concurrent sentences of 2 ½ years to 10 years in prison for his Ingham County plea-based convictions on three counts of false pretenses of $1,000 or more but less than $20,000 (imposed in 2015). Bridges does not challenge his criminal convictions or sentences in his petition. Rather, he asserts that he has a liberty interest in parole because he has been given a "high probability of parole" score and seems to indicate that the Michigan Parole Board is improperly denying him release on parole. He asks the Court to rule on Michigan law and seeks release from custody.

## II.    DISCUSSION

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes petitions which raise legally

frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-437 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be denied.

In his pleadings, Bridges asserts that "MCL 791.233e places substantive limits on Michigan's broad discretionary power to deny parole to prisoners with a high probability of parole" and contends that "[p]risoners with a high probability of parole have a protected liberty interest" in release on parole. ECF No. 1, PageID.3. He also asserts that "[d]ue process would apply to risk assessment tool[s] such as Static 99 and programing order by [the] MDOC and parole board" and that he "would enjoy the same protections [of] due process under MCL 330.1408 and MCL 330.1476 before being required … to undergo involuntary sex offender treatment and stigma of being a sex offender when [his] sex offense was dismissed." *Id*. at PageID.4. He then states that he is "being denied parole for sex offender programming which the MDOC failed to provide with the 1 year allowed by statute which would require the parole board to parole him and require sex offender treatment as a condition of parole." *Id*. Petitioner asks the Court "to address the issue of does [the] Michigan Parole System under MCL 791.233e [give]

3

a protected liberty interest in parole to prisoners with high probability of parole guidelines" and seeks "speedy release by any relief" to which he may be entitled. *Id*. at PageID.5.[2]

In order to demonstrate that he is entitled to habeas relief, Bridges must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3); 2254(a). The United States Supreme Court has definitively held that there is no right under the United States Constitution for a lawfully convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Simply stated, there is no federal constitutional right to parole. *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990).

Moreover, the Michigan courts have held that a liberty interest in parole does not arise under Michigan law. *See Hurst v. Department of Corr. Parole*

---

[2]Bridges filed a similar habeas petition in the United States District Court for the Western District of Michigan in January of 2025 (after the filing of his case). The court dismissed that petition for failure to state a cognizable habeas claim. *See Bridges v. Rewerts*, No. 25-cv-00065, 2025 WL 399475, *4-5 (W.D. Mich. Feb. 5, 2025).

*Bd.*, 119 Mich. App. 25, 29, 325 N.W.2d 615, 617 (1982) (ruling that state law "creates only a hope of early release," rather than a right to release); *see also Glover v. Michigan Parole Bd.*, 460 Mich. 511, 520–521, 596 N.W.2d 598, 603–604 (1999). The United States Court of Appeals for the Sixth Circuit has consistently ruled that Michigan's statutory parole scheme does not create a liberty interest in parole. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-1165 (6th Cir. 1994) (en banc); *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011); *Foster v. Booker*, 595 F.3d 353, 368 (6th Cir. 2010); *see also Hill v. Snyder*, 878 F.3d 193, 202 (6th Cir. 2017) (stating that the Michigan parole statutes "endow the [Parole] Board with discretion to deny parole to those who are eligible").

The fact that Bridges may have been given a high probability score for parole does not give rise to a protected liberty interest in being paroled. *See Crump*, 657 F.3d at 403-404 (explaining that a *probability* does not equal a *presumption*); *Stephens v. Floyd*, No. 21-cv-11537, 2021 WL 3269080, *2 (E.D. Mich. July 30, 2021) (denying habeas relief on similar claim); *Kikuchi v. Bauman*, No. 20-cv-11142, 2020 WL 2542045, *2 (E.D. Mich. May 19, 2020) (same).

Additionally, the fact that Michigan's parole scheme requires the

5

Michigan Parole Board to provide substantial and compelling reasons to depart above the parole guidelines range, as required by Mich. Comp. Laws § 791.233e, does not create a protected liberty interest in being released on parole. *See Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003); *Stephens*, 2021 WL 3269080 at *2; *Kikuchi*, 2020 WL 2542045 at *3.

Moreover, while participation or non-participation in a prison program may affect a prisoner's parole chances, *see* Mich. Comp. Laws § 791.233e, a prisoner does not have a protected liberty interest in prison programs. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (finding that due process is not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (prisoners have no constitutional right to rehabilitation, education, or jobs); *see also Rogers v. Smith*, No. 20-cv-12086, 2020 WL 6043374, *3 (E.D. Mich. Oct. 13, 2020) (dismissing due process claim in civil rights case). Because Bridges does not have a liberty interest in participating in a sex offender program, he fails to state a claim upon which habeas relief may be granted as to any claim concerning his access or participation in such a program.

To the extent that he challenges his classification as a sex offender

and any perceived requirement that he complete a sex offender program to be eligible for parole, such claims (or similar due process claims) have been previously raised and denied in a prior federal habeas action. *See Bridges v. Rewerts*, No. 20-cv-001130, 2020 WL 6937789 (W.D. Mich. Nov. 25, 2020).[3] Consequently, those claims are barred by res judicata. Under the res judicata or claim preclusion doctrine, a claim is barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) identity of the causes of action. *See Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997). The res judicata rule "precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit." *Mitchell*, 343 F.3d at

---

[3]Bridges also raised such claims in two prior civil rights cases, which were dismissed for failure to state a claim upon which relief may be granted. *See Bridges v. Michigan Parole Bd. Members*, No. 20-cv-01138, 2020 WL 7021563 (W.D. Mich. Nov. 30, 2020) (ruling that Bridges received sufficient due process during his criminal proceedings); *Bridges v. Barnes*, No. 23-cv-11772, 2023 WL 8602271 (E.D. Mich. Dec. 12, 2023) (same), appeal dismissed, No. 24-1006, 2024 WL 5288252 (6th Cir. Oct. 16, 2024).

819. In this case, all four elements are present. Bridges' challenges to his sex offender classification and any requirement that he complete a sex offender program to be eligible for parole must therefore be dismissed on res judicata grounds.

In sum, Bridges has no reasonable expectation of, or protected interest in, release from custody until he has served his full sentence. Because has has no protected liberty interest in parole or in prison programming, he cannot establish a violation of his constitutional rights. Moreover, Bridges neither alleges nor establishes that he is being held beyond the expiration of his sentences. He thus fails to state a claim upon which federal habeas relief may be granted in his pleadings. Habeas relief is not warranted.

Lastly, the Court notes that a prisoner who does not seek immediate release on parole may challenge the procedures used by a parole board to deny parole under 42 U.S.C. § 1983 after the exhaustion of available state remedies. *Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005); *see also Thomas v. Eby*, 481 F.3d 434, 439-440 (6th Cir. 2007) (plaintiff's challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence). To the extent that Bridges seeks to challenge the parole procedures or seeks a new parole hearing, he must bring such claims

8

in a civil rights action. The requirements for pursuing a civil rights action in federal court differ from those in a habeas action, including the payment of a $350.00 filing fee and a $55.00 administrative fee for a civil rights action versus a $5.00 filing fee for a habeas action. Bridges may not circumvent those requirements by filing a joint or hybrid action. Any potential civil rights claims are mis-joined in this habeas action and must be dismissed.

## III.    Conclusion

For the reasons stated, the Court concludes that Bridges is not entitled to federal habeas relief on his claims such that his habeas petition must be denied. The Court also concludes that any potential civil rights claims must be dismissed.

Before he may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that…jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-485. The Court concludes that Bridges fails to make a substantial showing of the denial of a constitutional right as to his habeas claims and that jurists of reason would not find the Court's procedural ruling as to any potential civil rights claims debatable. A certificate of appealability is not warranted.

Lastly, the Court concludes that an appeal cannot be taken in good faith such that Bridges should not be allowed to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a).

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus and **DISMISSES WITHOUT PREJUDICE** any civil rights claims. The Court also **DENIES** a certificate of appealability and

**DENIES** Bridges leave to proceed in forma pauperis on appeal. This case is

closed.

   **IT IS SO ORDERED**.


                                        s/Shalina D. Kumar
                                        SHALINA D. KUMAR
                                        United States District Judge

Dated:   May 29, 2025

11